[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION DEFENDANTS' MOTION TO DISMISS
The plaintiff in each of these cases is an attorney and a resident of the State of Connecticut. The defendants are a CT Page 1745 professional corporation, Hayes and Thynne P.C., and the individuals William B. Hayes and Michael I. Thynne. The defendant professional corporation is located in and the individual defendants are residents of Denver, Colorado.
The plaintiffs have commenced this action purportedly alleging causes of action in libel in negligent misrepresentation and, in invasion of privacy. The claims are based on allegations made in two letters signed by the defendant attorney, William B. Hayes for Hayes Thynne, P.C. The two letters upon which this action is based were mailed from Denver, Colorado, to persons in Connecticut in April of 1991. The plaintiffs claim the letters defamed their conduct as attorneys and fiduciaries of a certain trust estate.
The allegations in the complaint accepted as true for the purposes of this motion, assert that the defendants Hayes and Thynne, P.C. and William B. Hayes and Michael I. Thynne individually, sent false malicious and defamatory letters into the State of Connecticut, published the libel in the State of Connecticut and negligently defamed the plaintiffs each being an attorney practicing in the State of Connecticut, by sending the letters to Vincent M. Simko and Jack Brunt both residents in the State of Connecticut.
Service of process was made upon the Connecticut Secretary of State and then by certified mail upon the defendants in Colorado.
The defendants claim that this court lacks in personam jurisdiction over the defendants and the court should therefore dismiss this action.
The parties agree that as to the defendant professional corporation, Hayes and Thynne, P.C., any personal jurisdiction of this court over that corporation must be based on General Statutes Sec. 33-411(c) the Connecticut long-arm statute as to corporations. That statute grants jurisdiction over non-resident corporations, even if it has not transacted business in this state and even if it is engaged only in interstate or foreign commerce for any cause of action arising as follows:
 (1) out of any contract made in this state or to be performed in this state; or (2) out of any business CT Page 1746 solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed regardless of how or where the goods were produced, manufactured or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state whether arising out of repeated activities or single acts and whether arising out of misfeasance or nonfeasance.
The parties also agree that in personam jurisdiction over the individual defendants must be based on General Statutes Sec.52-59b the Connecticut long-arm statute for jurisdiction over non-resident individuals.
That statute reads:
 (a) As to a cause of action arising from any of the acts enumerated in this section a court may exercise personal jurisdiction over a non-resident individual or foreign partnership or his or its executor or administrator, who in person or through an agent: (1) Transacts any business with the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state except as to a cause of action for defamation of character arising from the act if he (A) regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the state or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated in the state.
I. As to Hayes and Thynne, P.C. CT Page 1747
It is clear that the first three subdivisions of General Statutes Sec. 33-411(c) are not applicable in this case. The question then is whether or not the mailing of these letters in Colorado to persons in Connecticut and which were received by those persons in Connecticut can be construed as "tortious conduct in this state, whether arising out of repeated activities or single acts, and whether arising out of misfeasance or nonfeasance," under Sec. 33-411(c)(4).
The defendants claim that the "single publication rule" for multi-state publications, which rule was applied by the U.S. District Court in Fouts v. Fawcett Publications, Inc.,116 F. Sup. 535, 537 (D.Conn. 1953), holds that a libel occurs where and when a publication is released. since the letters were "released" in Colorado, the defendants claim the statute does not confer jurisdiction.
The plaintiffs note and this court agrees that courts, in construing this long-arm statute, have held it confers personal jurisdiction for a Connecticut resident against a non-resident where a defamatory statement is printed out of state but published and distributed within Connecticut by a non-resident defendant. Buckley v. New York Post Corp.,373 F.2d 175 (2nd Cir. 1967), held that General Statutes Sec. 33-411(c)(4) was applicable in a libel action by a Connecticut resident against a non-resident when the libel was distributed in Connecticut. When fraudulent misrepresentations where sent or mailed into Connecticut courts have held that the tort is committed in Connecticut and as such, confers jurisdiction under the long-arm statute. Teleco Oil Field Services, Inc. v. Skandia Ins. Co., 656 F. Sup. 753 (D.Conn. 1987). See, also David v. Weitzman 677 F. Sup. 95 (D.Conn. 1987).
The defendants however contend that even if the letters were found to be published in Connecticut the action must be dismissed. Citing the Connecticut Supreme Court's opinion in United States Trust Co. v. Bohart 197 Conn. 34 38,495 A.2d 1034 (1985), the defendant's maintain that not only must the plaintiffs establish that personal jurisdiction attached under the long-arm statute but must also establish that the exercise of that jurisdiction does not offend federal due process. Because the defendants are lawyers and because the letters were written in the course of practicing law, the defendants claim that it is reasonable to assume that in their practice the defendants will be called upon to comment on the administration CT Page 1748 of trusts and estates set up in the various states. To allow this to be a predicate for in personam jurisdiction over the defendants in which ever of the fifty states their correspondence travels offends traditional notions of fair play and substantial justice. The defendants have cited no precedent for this position.
The plaintiffs however have noted that this issue of due process was addressed in David v. Weitzman, supra:
 No contacts by defendants with Connecticut are alleged other than those which give rise to the cause of action. When, [as here] the controversy is specifically related to a defendant's contacts with a forum there is sufficient due process contact if the defendant has `purposefully directed' his activities at residents of the forum and the litigation arises from alleged injuries that `arise out of or relate to' those activities. . . . [s]ingle tortious acts committed in a forum state by persons having no other contacts with that state have long been held sufficient to warrant personal jurisdiction under the due process clause.
Thus whether or not the counts could withstand a motion to strike the allegations are adequate to confer in personam jurisdiction over the defendant professional corporation under the provisions of General Statutes Sec. 33-411(c)(4).
II. As to the Individual Defendants
The defendants claim that this action should be dismissed as to the individual defendants because the long-arm statute for jurisdiction over individuals General Statutes Sec. 52-59b
specifically exempts torts based on defamation of character from those torts which would support jurisdiction over non-residents.
The defendants argue that the only sub-sections of 52-59b
possibly applicable to the allegations in this case are subsections (a)(2) or (a)(3) since there is no allegation that they transacted business in this state (a)(1) or own property in this state (a)(4). Both the possibly applicable subsections expressly exclude a cause of action for defamation of character arising from the act as a basis of jurisdiction. CT Page 1749
Moreover since the individual defendant Thynne signed none of the letters himself, he claims he cannot be held to be individually liable for the torts of the professional corporation, as opposed to a partnership. Scribner v. O'Brien,169 Conn. 389, 363 A.2d 160 (1975).
The plaintiffs note that the only count addressed to the individual defendants alleges not only libel, but negligent misrepresentation and invasion of privacy as well. These latter allegations have been recognized in Connecticut as causes of action in tort distinct from any claim of defamation. See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School202 Conn. 206, 217, 520 A.2d 217 (1987) (negligent misrepresentation); Goodrich v. Waterbury-Republican, Inc.,188 Conn. 107, 125-28, 448 A.2d 1317 (1982) (invasion of the right of privacy). As indicated above, transmitting documents or assertions containing negligent misrepresentations from out of state to persons within this state is considered publication of the misrepresentation in Connecticut. There is no distinction that this court can see as to publications which invade a person's right; of privacy
Once again the court is not concerned with whether the allegations in these counts state a cause of action that will survive a motion to strike, but only with whether or not they bring the case within the scope of Sec. 52-59b(a)(2). For purposes of long-arm jurisdiction these allegations of torts distinct from defamation qualify.
While the affidavit of the defendant Thynne asserts he did not sign the letters in question this does not resolve the issue as far as jurisdiction is concerned. The complaint alleges that he participated in the claimed torts. "It is . . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position Where, however an agent or officer commits or participates in the commission of a tort whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby. Scribner v. O'Brien Inc., 169 Conn. 389, 404,363 A.2d 160 (1975).
 III.
Finally the defendants assert that if the case were dismissed for lack of jurisdiction over the individual CT Page 1750 defendants, the rule of forum non conveniens requires dismissal of the action against the corporate defendant.
The court has not dismissed the case against the individuals. Moreover, the court presently sees no reason why the plaintiffs' choice of forum should be disturbed. The plaintiffs are residents of this state, the letters were published in this state, the persons to whom the alleged libel and misrepresentations were made are residents of this state.
In each case, therefore the defendants motion to dismiss for lack of in personam jurisdiction is denied.
NIGRO, J.